[Cite as *Lips v. Univ. of Cincinnati College of Medicine*, 2010-Ohio-3479.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


GAIL P. LIPS, Admx., etc.

    Plaintiff

    v.

UNIVERSITY OF CINCINNATI COLLEGE OF MEDICINE

    Defendant
    Case No. 2009-01115

Judge Joseph T. Clark

DECISION


{¶ 1} An evidentiary hearing was conducted in this matter to determine whether R. Bruce Bracken, M.D., is entitled to civil immunity pursuant to R.C. 2743.02(F) and 9.86. Upon review of evidence presented at the hearing, the court makes the following determination.

{¶ 2} R.C. 2743.02(F) states, in part: "A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action."

{¶ 3} R.C. 9.86 states, in part:

**{¶ 4}** "[N]o officer or employee [of the state] shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."

**{¶ 5}** Plaintiff's decedent, James A. Lips,[1] was diagnosed with prostatic carcinoma in September 2007. Lips subsequently conducted extensive research about the various treatment options available to him and the physicians who were qualified to perform such treatments. On December 31, 2007, Lips underwent a robot-assisted radical prostatectomy at University Hospital in Cincinnati, Ohio. The procedure was performed by Dr. Bracken, a member of defendant's faculty. Dr. Bracken testified that certain complications arose during surgery which resulted in the procedure lasting approximately eight hours. Lips never recovered from the surgery and died on January 6, 2008.

**{¶ 6}** The parties agree that Dr. Bracken is a member of defendant's faculty and that resident physicians were present in the operating room when the surgery was performed. Plaintiff concedes in her post-hearing brief that immunity should be granted for any negligence that occurred during the surgery and post-operative care. Indeed, the testimony at the hearing establishes that Dr. Bracken's duties included meeting with prospective patients, explaining treatment methods, and disclosing his personal experience. Thus, the court finds that he was acting within the scope of his state employment at all times relevant hereto. Plaintiff contends, however, that Dr. Bracken acted in bad faith when he intentionally misled plaintiff and her husband regarding both the details of the surgical procedure and the extent of his surgical experience.

**{¶ 7}** At the hearing, plaintiff testified that her husband had interviewed many physicians in the area and that several had recommended Dr. Bracken due to his experience in his field. Plaintiff also testified that her husband discussed with Dr. Bracken the advantages and disadvantages of undergoing the procedure at a regional facility rather than a local hospital. Plaintiff testified that the convenience of follow-up appointments was a consideration that led her husband to choose to undergo the

---

[1]References to "Lips" in this decision are to decedent, James A. Lips.

surgery at a local hospital.

**{¶ 8}** Dr. Bracken testified that he met with Lips and plaintiff and engaged them in a thorough discussion about the procedure. He has no recollection of giving Lips an estimate on the length of time the procedure would take, as it tends to vary based upon many factors, including the ease at which he can surgically connect the bladder to the urethra. According to Dr. Bracken, ten days prior to surgery he received a letter from Lips wherein Lips stated that he wanted his lymph nodes to be removed during surgery and to have them tested for cancerous cells. Dr. Bracken stated that he had previously informed Lips that removal of the lymph nodes during surgery would increase the probability of complications.

**{¶ 9}** Plaintiff alleges that Dr. Bracken erroneously informed plaintiff and Lips that he had participated in approximately 200 similar procedures when, in fact, he had performed only 26 such procedures. Plaintiff also alleges that Dr. Bracken guaranteed both her and Lips that the procedure would not exceed two to three hours when, in fact, it lasted approximately eight hours. Finally, plaintiff states that Dr. Bracken exaggerated the benefits of undergoing the procedure at a local hospital as compared to a regional facility. According to plaintiff, Dr. Bracken was motivated to "overstate his experience," in order to secure Lips as a patient because Lips was a friend and neighbor of Dr. Tew, head of University Hospital's neurosurgical department, and that Dr. Bracken believed it would impress Dr. Tew if Lips were his patient.

**{¶ 10}** The court finds that there is sufficient evidence to conclude that Dr. Bracken made the aforementioned representations to plaintiff and her husband. The question becomes whether Dr. Bracken made such representations in bad faith. "Bad faith" has been defined as "dishonesty of belief or purpose." Black's Law Dictionary (9 Ed. 2004) 159.

**{¶ 11}** Dr. Bracken testified that he had, in fact, "participated in the approximately 200 cases" in which a radical prostatectomy was performed and that he had not misrepresented his experience to Mr. and Mrs. Lips. Indeed, the evidence convinces the court that Dr. Bracken participated to some degree in approximately 200 cases where the procedure was performed. Although other surgeons performed the surgical

procedure in many of those cases, the court finds that Dr. Bracken did not intentionally mislead plaintiff or her husband regarding his surgical experience.

{¶ 12} Similarly, while Dr. Bracken has no recollection of estimating the duration of the procedure for Lips, the court finds that Dr. Bracken's representation regarding time was simply an estimate, not a guarantee. Moreover, Dr. Bracken did caution plaintiff and her husband that their decision to have Lips' lymph nodes removed during the procedure would increase the possibility of complications. In short, plaintiff has not convinced the court that the statement was made with a dishonest belief or purpose.

{¶ 13} With regard to plaintiff's contention that Dr. Bracken acted in bad faith when he recommended a local surgical facility rather than a regional facility, the court finds Dr. Bracken simply related the relative benefits and disadvantages of the facilities for Lips to consider, and that Lips used that information along with the advice of other physicians to reach his own conclusion. As such, Dr. Bracken's representations in this regard were not made in bad faith.

{¶ 14} Based upon the totality of the evidence presented, the court finds that Dr. Bracken acted within the scope of his employment with defendant at all times relevant hereto. The court further finds that Dr. Bracken did not act with malicious purpose, in bad faith, or in a wanton or reckless manner toward plaintiff or plaintiff's decedent. Consequently, Dr. Bracken is entitled to civil immunity pursuant to R.C. 9.86 and R.C. 2743.02(F). Therefore, the courts of common pleas do not have jurisdiction over any civil actions that may be filed against him based upon the allegations in this case.

## Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GAIL P. LIPS, Admx., etc.

Plaintiff

v.

UNIVERSITY OF CINCINNATI COLLEGE OF MEDICINE

  Defendant
   Case No. 2009-01115

Judge Joseph T. Clark

<u>JUDGMENT ENTRY</u>

The court held an evidentiary hearing to determine civil immunity pursuant to R.C. 9.86 and 2743.02(F). Upon hearing all the evidence and for the reasons set forth in the decision filed concurrently herewith, the court finds that R. Bruce Bracken, M.D., is entitled to immunity pursuant to R.C. 9.86 and 2743.02(F) and that the courts of common pleas do not have jurisdiction over any civil actions that may be filed against him based upon the allegations in this case.

_____
JOSEPH T. CLARK
Judge

cc:

Brian M. Kneafsey Jr.                    Donna L. Crossley
Assistant Attorney General               Joseph W. Shea III
150 East Gay Street, 18th Floor          Shirley A. Coffey
Columbus, Ohio 43215-3130                2350 Chiquita Center
                                         250 East Fifth Street
                                         Cincinnati, Ohio 45202

LP/KAH/cmd
Filed July 9, 2010
To S.C. reporter July 22, 2010